UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MATHEW WOODMAN,

           Petitioner,           Case No. 1:08-cv-77

v.                                          Honorable Janet T. Neff

DOUG VASBINDER,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Factual Allegations and Procedural History**

Petitioner is incarcerated in the Cotton Correctional Facility. He is represented by counsel in this action. Petitioner pleaded nolo contendere in the Calhoun County Circuit Court to two counts of accosting a minor for immoral purposes and six counts of communicating with another over the Internet to commit a crime. He was sentenced to the following prison terms, to be served concurrently: Counts I and II, 10-30 years; Count III, 28-72 months; Count IV, 47-180 months; Count V, 27-72 months; Count VI, 47-180 months; Count VII, 28-72 months; and Count VIII, 88-270 months. The Michigan Court of Appeals denied his delayed application for leave to appeal on April 17, 2007, and the Michigan Supreme Court denied his application for leave to appeal on September 24, 2007.

Petitioner raises the following grounds for habeas corpus relief: (1) Petitioner was entrapped by an undercover police officer to engage in illegal sexual activity by use of the Internet; (2) trial counsel was ineffective when he failed to adequately advise Petitioner of his available options before he pleaded guilty; and (3) Petitioner's plea was involuntary because he was under the mistaken belief that the trial court could sentence him below the sentencing guidelines.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant

to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

## Discussion

Petitioner first claims that he was entrapped by an undercover police officer to engage in illegal sexual activity by use of the Internet in violation of his due process rights.  Simply put, the defense of entrapment is a creation of state law and does not implicate any federal constitutional right.  The State of Michigan has chosen to develop an objective test for entrapment, allowing a trial judge to dismiss a prosecution in the face of egregious police conduct.  *See People v. Juillet*, 475 N.W.2d 786, 792 (Mich. 1991); *People v. Turner*, 210 N.W.2d 336 (Mich. 1973); *accord People D'Angelo*, 257 N.W.2d 655, 658 (Mich. 1977).  But the United States Supreme Court and the Sixth Circuit have made it clear that such a defense is not of constitutional dimension.  *Sosa v. Jones*, 389 F.3d 644, 648-49 (6th Cir. 2004) (the defense of entrapment could not form the basis for habeas relief from a Michigan conviction); *see also United States v. Russell*, 411 U.S. 423, 433 (1973).  The federal courts have pointedly rejected any due process defense arising from allegedly "outrageous" police conduct.  *See United States v. Tucker*, 28 F.3d 1420, 14287-29 (6th Cir. 1994); *see also United States v. Mack*, 53 F.3d 126 (6th Cir. 1995) ("Defendant's 'outrageous government conduct' defense was recently foreclosed by this Circuit in *Tucker*.")  In the absence of clearly established Supreme Court precedent establishing a due process right, Petitioner is not entitled to habeas corpus relief on an entrapment defense, as a matter of law.

In his second ground for habeas corpus relief, Petitioner asserts that trial counsel was ineffective when he failed to adequately advise Petitioner of his "available options" before he pleaded guilty. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petition fails to provide any specific factual allegations in support of his claim. In his delayed application for leave to appeal before the Michigan Court of Appeals, Petitioner alleged only that, "defense counsel's failure to explain the full range of options to Defendant and to [blank line] Defendant as to a possible sentence was ineffective." (Delayed Application for Leave to Appeal, 20, docket #1-3.) Petitioner's claim of ineffective assistance of counsel is far too vague and conclusory to establish that counsel's performance was objectively unreasonable or that Petitioner was prejudiced by the alleged conduct. Accordingly, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel.

Finally, Petitioner claims that his plea was involuntary because he was under the mistaken belief that the trial court could sentence him below the sentencing guidelines. In his delayed application for leave to appeal in the Michigan Court of Appeals, Petitioner argued: "In the case at bar Defendant pled nolo contendere under the misapprehension of the sentence consequences of his plea. He gave up his precious right to a trial for virtually no consideration because he believed

that the court *may* sentence below the guidelines." (Delayed Application for Leave to Appeal, 24, docket #1-3) (emphasis added.) The trial court could have sentenced Petitioner below the guideline range, but chose not to do so. The fact that Petitioner did not get the sentence that he hoped for did not render his plea involuntary. Consequently, Petitioner's claim is without merit.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: April 9, 2008                    /s/ Joseph G. Scoville
                                        United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).