UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MATHEW WOODMAN,

     Petitioner,                            Case No. 1:08-cv-77

v                                       HON. JANET T. NEFF

DOUG VASBINDER,

     Respondent.
_____/

## FINAL ORDER

     This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court dismiss the petition for Petitioner's failure to raise a meritorious federal claim. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Judgment pursuant to FED. R. CIV. P. 58.

     Petitioner argues that the Magistrate Judge erred in concluding that his entrapment defense does not entail a federal constitutional right. However, the Magistrate Judge properly determined that Petitioner's entrapment defense has not been clearly established by the United States Supreme Court as a due process right and therefore does not create a foundation for habeas relief.

Petitioner rejects the Magistrate Judge's characterization of his claim of ineffectiveness of trial counsel as "far too vague." However, the Magistrate Judge accurately applied the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), to evaluate Petitioner's claim of ineffective assistance of counsel. The Magistrate Judge correctly noted that Petitioner failed to set forth any specific allegations in support of this claim, and, when a claim of ineffective assistance of counsel is at issue, that the Court must presume that counsel's conduct amounts to reasonable professional assistance.

Lastly, Petitioner maintains that the Magistrate Judge did not correctly conclude that his plea was involuntary. The Magistrate Judge accurately determined that Petitioner's plea could not be deemed involuntary simply because Petitioner believed the trial court would sentence him below the guidelines and he did not get the sentence he expected.

Petitioner's arguments therefore reveal no error in the Magistrate Judge's analysis that requires a different result.

Having so determined, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue asserted.

**THEREFORE, IT IS ORDERED** that the objections (Dkt 5) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 4) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Date: September 22, 2008                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge